UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHEILA GRIFFIN** <br><br> vs. <br><br> **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **CIVIL ACTION NO:** <br><br> 3:20-cv-00052 <br><br> JANUARY 13, 2020 |

## COMPLAINT

COMES NOW, Plaintiff, Sheila Griffin, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Sheila Griffin, ("Plaintiff") was and still is a resident of the State of Tennessee.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Life Insurance Company of North America (LINA) ("Defendant") is a for-profit corporation with its principal place of business in Philadelphia, Pennsylvania. It is a wholly owned subsidiary of CIGNA Corporation, a for-profit corporation with its principal place of business in Bloomfield, Connecticut.

3. Defendant may be found in the District of Connecticut.

**JURISDICTION AND VENUE**

4. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA")

5. Venue in the District of Connecticut is appropriate because the defendant may be found in this district and the plaintiff resides in this district.

6. Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

**FACTS**

7. At all relevant times hereinafter mentioned, Plaintiff was an employee of the Tennessee Valley Federal Credit Union. ("TVFCU").

8. At all relevant times hereinafter mentioned, Plaintiff worked as a Call Center Representative for TVFCU.

9. During Plaintiff's employment with TVFCU, Defendant issued long term disability group policy No. SGD-0606715 (hereinafter the "Policy").

10. At all times hereinafter mentioned, said disability Policy of insurance was issued for the benefit of certain eligible TVFCU employees in exchange for the payment of premiums by TVFCU and/or the employees.

11. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued to TVFCU.

12. Said Policy issued to TVFCU provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due

to injury or illness.

13.     According to the Policy, an insured employee is considered disabled if due to sickness or injury he or she is not able to perform his or her regular occupation for a period of 24 months.  After the first 24 months of disability, an insured employee is considered disabled if due to sickness or injury, he or she is not able to engage in any occupation.

14.     On or about October 1, 2018, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

15.     Plaintiff's disability is caused by, among other things, vascular insufficiency in her legs, spinal cord disease in her lumbar and cervical spine, ischial bursitis in her hips and diabetes.

16.     Plaintiff filed an application for long term disability benefits under the Policy and on January 9, 2019 she was informed by Defendant that her LTD benefits had been denied.

17.     On June 25, 2019, Plaintiff timely filed an administrative appeal of the denial of her long term disability benefits.

18.     On December 23, 2019 Defendant denied Plaintiff's administrative appeal.

19.     As of this date, Plaintiff continues to be disabled in that as a result of her medical conditions she is unable to perform her regular occupation of as a Call Center Representative.

20.     Despite Plaintiff's continued disability, Defendant has denied benefits to Plaintiff

and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

21. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

22. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

23. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

24. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the refusal to consider Plaintiff's credible subjective complaints on her ability to work, and the reliance upon a selective review of vocational and medical records to reach a result oriented claim determination.

25. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

26. Plaintiff has exhausted all administrative remedies to the extent they are required under the law.

27. Plaintiff is entitled to a de novo review of her claim.

WHEREFORE, Plaintiff Sheila Griffin prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto

regarding the matters set forth in this Complaint specifying the following:

    a)    Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform her regular occupation.

    b)    Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

    c)    Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled, subject to the applicable benefit period in the policy;

    d)    Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

    e)    Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

    f)    Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

    g)    Such other and further relief as the Court may deem just and proper.

                        PLAINTIFF

                        By    /S/ Iván A. Ramos
                        Iván A. Ramos (ct#14122)
                        RamosLaw
                        255 Main Street, Suite 401
                        Hartford, Connecticut 06106
                        Tel. (860) 519-5242
                        Fax. (860) 838-6403
                        ivan@ramosdisability.com